**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAQUEL GARCIA, *on behalf of herself, FLSA Collective Plaintiffs, and the Class,*    Plaintiff,    v.    JANUS HOMECARE AGENCY, INC.,    Defendant. | Case No.:  **CLASS AND COLLECTIVE ACTION COMPLAINT**  **Jury Trial Demanded** |

Plaintiff RAQUEL GARCIA ("Plaintiff GARCIA") (collectively, "Plaintiffs"), on behalf of herself and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant JANUS HOMECARE AGENCY, INC. ("Defendant") and states as follows:

## INTRODUCTION

1.       Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime premiums; (2) unpaid wages, including overtime, for all hours

1

worked due to improper rounding down of hours; (3) liquidated damages; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime premiums; (2) unpaid wages, including overtime, for all hours worked due to improper rounding down of hours; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff RAQUEL GARCIA is a resident of Bronx County, New York.

6.     Corporate Defendant JANUS HOMECARE AGENCY, INC is a home care services company organized under the laws of the State of New York with its principal place of business and address for service of process at 2825 Third Avenue, Bronx, NY 10455.

7.     At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

8.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendant.

9.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt home attendants, home health aides, personal care assistants, and nursing assistants employed by Defendant on or after the date that is six years before the filing of this Complaint ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid overtime premiums; (ii) unpaid wages, including overtime, for all hours worked due to improper rounding down of hours; (iii) liquidated damages; and (iv) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

**RULE 23 CLASS ALLEGATIONS**

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt home attendants, home health aides, personal care assistants, and nursing assistants employed by Defendant on or after the date that is six years before the filing of this Complaint (the "Class" or "Class Members").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant. There is no doubt that there are more than forty Class Members in the Class.

16. Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class Members were subject to the same corporate practices of Defendant of: (i) failing to pay overtime premiums; (ii) failing to pay wages, including overtime, for all hours worked due to improper rounding down of hours; (iii) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (iv) failing to provide proper wage statements per requirements of NYLL.

17. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendant and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not properly pay Plaintiff and the Class Members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiff and Class Members for their work;

   d) Whether Defendant properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendant paid Plaintiff and Class Members overtime premiums for hours worked over forty;

   f) Whether Defendant paid Plaintiff and Class Members for all hours worked given Defendant's policy of rounding down employees' hours worked;

   g) Whether Defendant provided wage notices to Plaintiff and Class Members per requirements of the NYLL; and

   h) Whether Defendant provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

22. From in or about May 20, 2020 until in or about February 27, 2023, Plaintiff GARCIA was employed by Defendant as a home attendant. Defendant would assign Plaintiff various locations in New York.

23. From the start of her employment until in or around September 2020, Plaintiff GARCIA was scheduled to work seven days per week, from 9:00 a.m. to 2:00 p.m., for a total of thirty-five hours per week. From in or around September 2020 to the end of her employment, Plaintiff GARCIA was scheduled to work six days per week, from 9:00 a.m. to 4:00 p.m., and one day per week from 9:00 a.m. to 3:00 p.m., for a total of forty-eight hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work similar hours each week.

24. From the start of her employment until in or around October 2021, Plaintiff GARCIA was paid fifteen dollars per hour. From in or around October 2021 until in or around December 2022, Plaintiff GARCIA was paid eighteen dollars per hour. From in or around December 2022 until the end of her employment, Plaintiff GARCIA was paid twenty dollars per hour. At all times, Plaintiff was paid by bi-weekly checks. FLSA Collective Plaintiffs and Class Members were compensated at similar rates weekly by bi-weekly checks.

25. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not paid the proper overtime premium for hours worked more than forty hours per week because they were paid overtime at a straight rate, at their regular hourly rate. Defendant knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members the proper overtime premium because they paid Plaintiff, FLSA Collective Plaintiffs, and Class Members at a straight rate.

26. Throughout Plaintiff's entire period of employment, Defendant always rounded down her paid time down to the nearest hour. The time recorded on her weekly paystubs was always hourly, which could not have occurred naturally as a result of when Plaintiff would clock in and out.

27. Through this policy, Defendant categorically reduced their employees' compensable hours every week. As a result, Plaintiff, FLSA Collective Plaintiffs, and the Class were not paid proper compensation for all hours worked.

28. Throughout her employment with Defendant, Plaintiff regularly observed and spoke to her co-workers about Defendant's pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs, and Class Members were subjected to the same unlawful employment practices, including their hours also being rounded down to the nearest hour.

29. In failing to provide proper wage statements and notices to Plaintiff and Class members, as required under the Wage Theft Protection Act ("WTPA"), Defendants have generated a concrete harm to an interest identified by the New York State legislature. Defendants' failure to provide these documents frustrates New York's objective of, and Plaintiff's interest in, ensuring that employees receive all wages owed. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting the WTPA's wage notice and wage statement provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.

30. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

31. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct actually harmed Plaintiff and Class Members by weakening their ability to contest the sufficiency of Defendants' wage payments to them.

32. For example, Plaintiff has alleged that she was not compensated for all hours worked due to rounding. This means she has alleged that the number of hours listed on the wage statements she received from Defendants were inaccurate, having understated the number of hours Plaintiff actually worked. Withholding *accurate* wage statements, therefore, allowed Defendants to misrepresent themselves as having paid Plaintiff and other employees all wages due when Defendants had not, in fact, done that.

33. Had the wage statements accurately represented Plaintiff's actual hours, they would have revealed a clear, unambiguous, and indisputable discrepancy between the number of hours that Plaintiff worked and the number of hours for which she was paid—thus providing Plaintiff with incontrovertible proof of Defendants' FLSA and NYLL violations. Such proof would have permitted Plaintiff and other similarly wronged employees to readily prevail on a motion for summary judgment early in the litigation, without the need to conduct much discovery, since accurate wage statements would have effectively constituted a written admission by Defendants of their wrongdoing.

34. This legal leverage alone might well have incentivized Defendants to make Plaintiff and other employees whole—in order to avert what would be a hopelessly uphill litigation fight.

35. Regardless of what Defendants would have done with Plaintiff in possession of such leverage, Plaintiff has described what is a certainty of a harm, not a mere risk, because it is certain that incontrovertible documentary evidence of Defendants' wage violations would have placed Defendants in a far weaker legal position and Plaintiff in a far stronger one. Plaintiff has been concretely injured because Defendants' deceptive representations on Plaintiff's wage statements have prevented this outcome.

36. Of course, Defendants WTPA violations could not prevent Plaintiff from bringing the instant action. But there is a substantial difference between prosecuting a lawsuit based on contestable testimony and doing so based on incontestable documentary evidence provided by the defendant itself, which is what Defendants' WTPA violations deprived Plaintiff of.

37. Defendants may retort that accurate wage statements would not have placed them in a weaker position because the wage statements they did provide were, in fact, accurate. But that is an argument for another day, as the Court must accept Plaintiff's allegations as true at this stage of the litigation.

38. There is no question that Plaintiff would be in a far better position than she is now had she received compliant wage statements. At worst, Plaintiff would have the means to readily prevail on a summary judgment motion, simply on the basis of documentary evidence generated by Defendants themselves. At best, Plaintiff might have avoided litigation altogether, since the threat thereof might have incentivized Defendants to just make Plaintiff whole.

39. Because either of the foregoing outcomes would have been preferable to the status quo, Plaintiff and Class Members were concretely harmed when Defendants failed to provide them with the accurate wage statements that would have facilitated one of the preferred outcomes. The loss of an opportunity to readily prevail on a summary judgment motion with fairly little expenditure of resources is a concrete injury.

40. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to deprive employees of evidence for Defendants' wrongdoing, which has significantly delayed the payment of all wages owed to Plaintiff and Class Members. This delayed payment caused Plaintiff and Class Members to struggle to timely pay for necessities, bills, and debts.

41. Defendant knowingly and willfully operated its business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and the Class overtime premiums because they were paid at a straight rate for all hours worked, in violation of the FLSA and the NYLL.

42. Defendant knowingly and willfully operated its business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and the Class for all regular or overtime hours worked due to Defendant's policy of rounding down hours worked, in violation of the FLSA and the NYLL.

43. Defendant failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

44. Defendant knowingly and willfully operated their business with a policy of not providing proper employees proper wage statements as required under NYLL.

45. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

47. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11

48. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their overtime premiums for hours worked over forty, because employees were paid at a straight rate regardless of hours worked.

51. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their wages, including overtime, due to a policy of impermissible rounding.

52. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due.

53. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendant knew or should have known such was due.

54. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

55. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

56. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums; unpaid wages, including overtime, due to impermissible rounding; plus an equal amount as liquidated damages.

57. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

58. Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

59. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

60. Defendant knowingly and willfully failed to pay Plaintiff and Class Members their overtime premiums for hours worked over forty, because employees were paid at a straight rate regardless of hours worked.

61. Defendant knowingly and willfully failed to pay Plaintiff and Class Members the full amount of regular and overtime wages as a result of impermissible rounding.

62. Defendant knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under NYLL.

63. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL.

64. Due to the Defendant's NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime premiums; unpaid wages, including overtime, due to impermissible rounding; reasonable attorneys' fees; liquidated damages; statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime premiums due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime, due to Defendant's policies of impermissible rounding down of hours under the FLSA and NYLL;

e. An award of liquidated damages as a result of Defendant's willful failure to pay wages pursuant to the FLSA;

f. An award of liquidated damages as a result of Defendant's willful failure to pay wages, pursuant to the NYLL;

g. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

14

j. Designation of Plaintiff as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 20, 2023                    Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:    */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 1976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*